```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EMMETT NELSON,

                          Petitioner,            03-CR-6119T
                                                 05-CV-6269T

              v.                                 DECISION
                                                 and ORDER
UNITED STATES OF AMERICA,

                          Respondent.
_____
```

INTRODUCTION

Emmett Nelson, proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 claiming that his conviction in this Court was unconstitutionally or unlawfully obtained, as set forth more precisely in the petition (03-CR-6119, Docket No. 23).

The government sets forth several arguments urging the petition be denied in its entirety without a hearing.

BACKGROUND

On August 7, 2003, Emmett Nelson was charged in a two-count felony indictment: Count One charged him with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) and Count Two charged him with possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841 and 841(b)(1)(c). On December 22, 2003, in a negotiated written plea agreement pursuant to Fed.R.Crim.Pro.11(c)(1)(c), Nelson entered a guilty plea to Count One of the indictment in full

satisfaction of all charges. On May 24, 2004, the court sentenced Nelson pursuant to the plea agreement to 60 months imprisonment, a five-year term of supervised release, and a special assessment of $100. Nelson did not directly appeal his conviction or sentence.

On May 26, 2005, petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based on the following grounds for relief:

1) "Denial of effective assistance of counsel"

2) "Breach of plea in bad faith making plea involuntary and unconstitutional"

3) "Evidence obtained pursuant to an unconstitutional search and seizure as well as an unlawful arrest in violation of the 4th Amendment"

4) "Denial of rehabilitation care and treatment required by sentence"

5) "Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant, evidence favorable to the defendant"

6) "Prosecution's manipulation of charges on the indictment in bad faith"

7) "It's unconstitutional to remove from the jury the assessment of facts that alter the congressionally prescribed range of penalties to which a criminal defendant is exposed"

8) "Improper jury instructions making indictment defective"

9) "Conviction obtained by use of coerced confession"

10) "Probation officer's misconduct"

11) "Sentenced in violation of speedy trial act"

## DISCUSSION

### I. Ineffective Assistance of Counsel-Petitioner's Ground 1

For a petitioner to make a successful ineffective assistance of counsel claim, he must meet the difficult test articulated in Strickland, that is he must show that his counsel's performance was deficient and that deficiency was prejudicial to his case. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Here, petitioner's counsel negotiated a favorable plea for him which significantly limited his incarceration exposure. Even though petitioner feels that his counsel employed poor strategy, this record clearly reveals that his counsel committed no grave errors. Moreover, petitioner makes no claim of prejudicial harm that "but for" counsel's errors he would not have pleaded guilty but would have insisted on going to trial. Thus, petitioner's ineffective assistance of counsel claim falls short as a legitimate ground of relief.

### II. The Plea-Petitioner's Ground 2

It is well settled that a guilty plea is valid only if it is entered into by the defendant in a voluntary, knowing, and intelligent manner. Brady v. United States, 397 U.S. 742, 748 (1970).

Based on his responses in the plea colloquy, Nelson's plea was knowing, voluntary, intelligent, and executed pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The court verified that Nelson knowingly participated in the plea, he understood the nature of charges to which he was pleading and the consequences of entering the plea (including his waiver of appeal). Moreover, the court ensured that Nelson was not coerced into making the plea. Petitioner knew what he was doing and he received the full benefit of his plea bargain. Thus, based on the petitioner's responses in the record, his plea was *not* involuntary, unconstitutional, or in bad faith.

III. <u>Waiver of Appeal and Collateral Attack-Petitioner's Grounds 3, 5, 6, 9, 10 and 11</u>

"A defendant's waiver of his right to appeal and/or collaterally attack his sentence is generally enforceable as long as the record contains sufficient evidence to establish that the defendant knowingly and voluntarily waived these rights." <u>Campusano v. United States</u>, No. 03-2982, 2004 U.S. Dist. LEXIS 16083, at *8, (S.D.N.Y. August 10, 2004).

In this case, the court concluded that Nelson's plea was knowing and voluntary based on his responses during the plea colloquy, therefore his waiver contained in the plea agreement of his right to appeal and/or collaterally attack his sentence was valid. Petitioner waived his right to appeal/collaterally attack on

grounds stated in his petition that occurred prior to the plea. Grounds three, five, six, nine, ten, and eleven occurred prior to the plea, thus the right to appeal/collaterally attack on these grounds was waived in the plea agreement.

Furthermore, the Second Circuit has held:

> [A] defendant who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence [may not] then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and resulting agreement meaningless.

United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir.), cert denied, 509 U.S. 931 (1993). Moreover,:

> Plea agreements can have extremely valuable benefits to both sides —most notably, the defendant gains reasonable certainty as to the extent of his liability and punishment, and the Government achieves a conviction without the expense and effort of proving the charges at trial beyond a reasonable doubt...The waiver [of appeal] provision is a very important part of the agreement-the Government's motivating purpose, decreased effort and expense of protracted litigation, it is not well-met if the defendant is permitted to appeal that to which he as agreed.

United States v. Rosa, 123 F.3d 94, 97 (2d Cir. 1997).

Here, Nelson received the benefits of his bargain with the government. Pursuant to his plea agreement, Nelson agreed that he would neither appeal nor collaterally attack his sentence in exchange for the reasonable certainty that the extent of his punishment would be 60 months or less. Thus, when the court sentenced Nelson to 60 months in accordance to the plea agreement, he received the benefit of his bargain. Thus, grounds 3, 5, 6, 9, 10 and 11 are dismissed as being without merit.

IV. <u>Constitutionality of the Sentence-Petitioner's Ground 7 and 8</u>

Petitioner challenges the constitutionality of his sentence relying on <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004) and <u>United States v. Booker</u>, 125 S.Ct. 738 (2005). Specifically, Nelson argues that improper jury instructions made his indictment defective and that it is unconstitutional to keep facts from the jury that alter the range of penalties to which a defendant is exposed. However, the Second Circuit has held that <u>Booker</u> and <u>Blakely</u> do not apply retroactively to collateral challenges. <u>Green v. United States</u>, 397 F.3d 101, 103 (2d Cir. 2005).

Here, Nelson was sentenced on May 24, 2004, well before the <u>Booker</u> decision date of January 12, 2005. Thus, because <u>Booker</u> and <u>Blakely</u> do not apply retroactively to petitioner's collateral challenge, these grounds lack merit.

V. <u>Rehabilitation Care and Treatment Required by The Sentence-Petitioner's Ground 4</u>

Petitioner argues that although his federal sentence is running concurrent with the state sentence, he is being denied appropriate rehabilitation care and treatment because he is housed in a less favorable state facility rather than a federal facility.

However, it is well settled that when a state court has primary jurisdiction (as was the case here), a federal court cannot order the service of the sentence in a federal institution because such an action would be equivalent to a transfer of custody beyond the jurisdiction of the federal court. <u>United States v. Warren</u>, 610 F.2d 680, 684 (9th Cir. 1980). In this case, the federal court simply does not have jurisdiction to move the petitioner from a state facility to a federal facility. Thus, petitioner's final ground has no merit.

CONCLUSION

For the reasons set forth above, I find the petitioner's grounds for relief to be without merit, the writ of habeas corpus is denied. Petitioner's motion pursuant to 28 U.S.C. § 2255 is dismissed in its entirety without a hearing.

    ALL OF THE ABOVE IS SO ORDERED.

                                    S/Michael A. Telesca
                                    MICHAEL A. TELESCA
                              United States District Judge

Dated:   Rochester, New York
         November 17, 2005